Filed 6/18/26  P. v. Russell CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEREK RUSSELL,<br><br>        Defendant and Appellant. | A173051<br><br>(Contra Costa County<br>Super. Ct. No. 012403445) |

## I.  MEMORANDUM OPINION[1]

Defendant Derek Russell appeals from a trial court order authorizing his involuntary medication after he was found incompetent to stand trial. (Pen. Code, § 1370, subd. (a)(2)(B).)[2]  The parties agree the appeal is moot because Russell has since been restored to competency.  Still, Russell asks us to exercise our discretion to reach the merits of his claims that issuing the order without an evidentiary hearing denied him due process and equal protection, and a recent decision rejecting the same arguments was wrongly

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] Undesignated statutory references are to the Penal Code.

1

decided.  We decline to exercise our discretion to consider these moot claims and therefore dismiss Russell's appeal.

Russell was charged in case no. 01-24-03445 with three counts of petty theft (§§ 484, subd. (a), 490.2), two counts each of grand theft of personal property (§ 487, subd. (a)) and receiving stolen property valued at over $950 (§ 496, subd. (a)), one count of vandalism (§ 594, subd. (a)), and one count of second degree burglary (§ 459).  He was also charged in no. 01-24-01309 with one count of misdemeanor shoplifting (§ 459.5) and in no. 01-25-00588 with another count of petty theft (§§ 484, subd. (a), 490.2).

The trial court declared a doubt concerning Russell's competency to stand trial and appointed a doctor to evaluate him.  The doctor concluded that Russell was not competent and that his treating psychiatrist should be authorized to administer medications without Russell's consent.  As to competency, Russell submitted on the doctor's report without objection.  The court determined Russell was not competent and deferred findings concerning involuntary medication to a subsequent commitment hearing.

Russell filed a request that the trial court hold an evidentiary hearing before issuing an involuntary medication order, which the court denied. While he did not stipulate to accept the initial doctor's report, Russell declined to present any specific argument about it.  Considering that report and another prepared by a doctor with the county's Conditional Release Program, the court ordered Russell committed to the State Department of State Hospitals for two years.  The court entered an involuntary medication order under section 1370, subdivision (a)(2)(B).

This appeal followed.  But within a few months, the trial court found Russell's competency had been restored and reinstated his criminal proceedings.  In June 2025, Russell pleaded no contest to the charges in nos.

01-24-01309 and 01-24-00588 and to one count of grand theft and two counts of receiving stolen property in no. 01-24-03445; the remaining charges against him were dismissed. The trial court sentenced Russell to two years of probation.

Russell concedes that his appeal was thus rendered moot but urges us to reach its merits because the entry of involuntary medication orders without an evidentiary hearing "is a matter of general public interest or importance" likely to evade review, and it presents a controversy likely to recur between the parties. While we have discretion to consider otherwise moot appeals in these circumstances (*California Charter Schools Assn. v. Los Angeles Unified School Dist.* (2015) 60 Cal.4th 1221, 1233–1234, citing *Bullis Charter School v. Los Altos School Dist.* (2011) 200 Cal.App.4th 1022, 1033–1035), we decline to do so here.

Although we agree that Russell raises serious issues affecting the public interest, the issues have not evaded review: as Russell recognizes, Division Two of this court reached and rejected essentially identical claims that "the trial court violated . . . due process and equal protection when it issued [an] involuntary medication order without first affording [the defendant] an evidentiary hearing." (*People v. Lewis* (2025) 111 Cal.App.5th 1078, 1086, review den. Sept. 3, 2025, S291967.) We acknowledge that a different court might decide differently, but Russell's argument here—which is neither novel nor thorough—does not persuade us to do so. (See *People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1152–1154 [declining to reach moot question another case had recently addressed]). And it would be wholly speculative to conclude that Russell himself is likely to reoffend and be found incompetent to stand trial and subject to an involuntary medication order under materially the same circumstances that were present in this case. (See

3

*In re D.P.* (2023) 14 Cal.5th 266, 278 [speculative future harm is insufficient to avoid mootness].)

In general, it is our "duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter" ' " before us. (*In re D.P.*, *supra,* 14 Cal.5th at p. 276.) We honor that principle here and decline to exercise our discretion to consider this appeal.

## II.  DISPOSITION

The appeal is dismissed as moot.

_____
SMILEY, J.

WE CONCUR:


_____
BANKE, Acting P. J.


_____
LANGHORNE WILSON, J.

*People v. Russell* / A173051

5